IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| WHITE SPRINGS AGRICULTURAL CHEMICALS, INC. d/b/a PCS PHOSPHATE – WHITE SPRINGS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 3:11-cv-00998-J-32JRK |
| v. | ) ) | |
| GAFFIN INDUSTRIAL SERVICES, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## WHITE SPRINGS AGRICULTURAL CHEMICALS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT GAFFIN INDUSTRIAL SERVICES, INC. AND RESPONSE TO CROSS MOTION FOR SUMMARY JUDGMENT

Gaffin's response to PCS's motion for summary judgment ("Gaffin's Response") does not raise any issue of material fact, and fails to refute that PCS is entitled to judgment on its indemnity and breach of contract claims against Gaffin. Gaffin's Response fails to controvert the facts set forth in the Motion.[1] And, Gaffin's Response does not affirmatively set forth any facts demonstrating that there is a genuine issue for trial, or that Gaffin is entitled to judgment. Rather, Gaffin's Response merely rehashes the facts in PCS's statement of facts (*compare* Doc. 75, pp. 2-4, 5-7 *with* Doc. 51, pp. 3-7, 12-13); and mischaracterizes the complaints in the Williams Suit in the same way as ASRRG's brief (*compare* Doc. 75, pp. 4-5 *with* Doc. 76, pp. 6-7). Accordingly, PCS is entitled to summary judgment on its claims against Gaffin. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to

---
[1] This brief employs the defined terms from PCS's motion for summary judgment. (Doc. 51.)

properly address another party's assertion of fact ... the court may: ... (2) consider the fact undisputed ... ; [or] (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it ... ."); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**A.  Gaffin Has A Duty To Indemnify PCS For The Attorney's Fees And Costs From The Williams Suit.**

1.  Gaffin has a duty to indemnify PCS for the attorney's fees and costs it incurred in the Williams Suit under the terms of the Indemnification Clause and under Florida indemnity law. Contrary to Gaffin's Response, PCS does not argue that Gaffin's obligation to pay for PCS's attorney's fees and costs arises from a "duty to defend" – in fact, that phrase is used nowhere in PCS's motion for summary judgment. Rather, Gaffin's obligation arises from its duty to indemnify PCS.

In the Indemnification Clause, Gaffin agreed to indemnify PCS for "**ALL CLAIMS, LIABILITIES, LOSSES, DAMAGES, AND EXPENSES (OF EVERY CHARACTER WHASOEVER**)." Gaffin's "expenses (of every character whatsoever)" includes its reasonable attorney's fees and costs incurred in defending the Williams Suit. Likewise, under Florida law PCS is "entitled to recover, as part of [its] damages, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which [it] is compelled to pay as the result of" the Williams Suit. *Ins. Co. of N. Am. v. King*, 340 So. 2d 1175, 1176 (Fla. 4th DCA 1976). For example, in *Natco Ltd. P'ship v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1194 (11th Cir. 2001) (applying Florida law), the court held that an indemnification provision stating an indemnitor would indemnify an indemnitee against "any and all loss, damage or liability," encompassed indemnification for attorney fees, notwithstanding that the

2

provision did not specifically mention attorney fees. Here, PCS is "seeking to recover fees not as attorney fees qua attorney fees, but as part of reasonable expenses incurred in defending against claims." *Id.*

2. The duty to indemnify is triggered because the facts demonstrate that (1) Williams' death was "connected" with the performance of Gaffin's work under the contract, and (2) Williams' injury did not result from PCS's "sole negligence or willful misconduct." Unlike the duty to defend, the duty to indemnify is determined from the actual facts developed in discovery in the underlying case. *See CSX Transp., Inc. v. Becker Sand & Gravel Co.*, 576 So. 2d 902, 904 (Fla. 1st DCA 1991); *Am. Home Ins. Co. v. City of Opa-locka,* 368 So.2d 416, 419 (Fla. 3d DCA 1979).

The facts developed in discovery in the Williams Suit establish that Mr. Williams' injuries were connected with Gaffin's work for PCS, and did not result from PCS's sole negligence. Gaffin does not dispute the facts that establish that its negligence caused Mr. Williams' injuries. Gaffin does not dispute that it shortened the barrel of the waterblasting gun that Mr. Williams was using, in violation of the manufacturer's recommendation. (*See* Doc. 51, pp. 9-10, ¶¶ 29-34.) It does not dispute that PCS knew nothing about the shortening of the barrel before the accident. (*Id.*, p. 10, ¶ 35.) It does not dispute that by shortening the barrel, it removed the geometric protections built in to the waterblasting gun that would have made impossible for a person of Mr. Williams' height to shoot himself in the leg while holding on to the waterblasting gun. (*Id.*, ¶¶ 36-37.) Instead, by shortening the barrel, Gaffin made it possible for Mr. Williams to shoot himself in the leg. (*Id.*) Gaffin does not dispute the testimony of PCS's waterblasting expert, Dr. Summers, who concluded that Gaffin's

shortening of the barrel caused Mr. Williams' death because of the removal of geometric protections, and because of the increased back thrust of the waterblasting gun beyond industry standards.[2] (*Id.*, ¶¶ 37-38.) Accordingly, the facts developed in discovery in the Williams Suit demonstrate that Mr. Williams' death was connected to Gaffin's work for PCS and was not the result of PCS's sole negligence.

Even if the Court's review were limited to the allegations of the complaints in the Williams Suit, the duty to indemnify is triggered. In addition to the allegations that PCS was directly negligent, the complaints in the Williams Suit also included allegations that Gaffin and JetStream were each negligent, and that PCS was liable for Gaffin's negligence. The Amended Complaint and Second Amended Complaint in the Williams Suit did not name Gaffin as a Defendant only because Ms. Williams' claims against Gaffin were still pending in state court. At the time of the second removal, the suit against Gaffin was on appeal in Florida's Second District Court of Appeal. And, even though Gaffin was not named as a Defendant, Gaffin's negligence was a prominent feature of the Amended and Second Amended Complaint. The alleged cause of Mr. Williams' accident was the shortening of the waterblasting gun by Gaffin. And, Count II of the Second Amended Complaint, for ultrahazardous or inherently dangerous activity, was a claim seeking to hold PCS vicariously liable for Gaffin's negligence. Accordingly, whether the court reviews the facts developed in the Williams Suit, as it should, or limits itself to the allegations in the complaints, Gaffin has a duty to indemnify PCS for its attorney's fees and costs from the Williams Suit.

---

[2] Gaffin did not designate an expert witness on the issue of negligence or causation, and did not file a Daubert motion to exclude Dr. Summers' testimony. Dr. Summers' preliminary report is authenticated by a Declaration affirming the opinions in his report. *See* Ex. S, Docs. 53-23, 53-24.

4

3. The Indemnification Clause is valid and enforceable under Florida law. Gaffin expressly agreed to indemnify PCS for "all claims" except for those resulting from PCS's "sole negligence or willful misconduct." By its plain language, the Indemnification Clause would be triggered where PCS's negligence combined with Gaffin's negligence to cause an injury, or where PCS was not negligent at all. Gaffin does not address the cases cited by PCS in the motion for summary judgment where analogous language was upheld by Florida courts. (Doc. 51, pp. 17-18.) As in those cases, Gaffin clearly and unequivocally expressed the intent to indemnify PCS where PCS and Gaffin were jointly negligent.

**B.    PCS Is Entitled To Judgment On Its Breach Of Contract Claim.**

Gaffin cannot fulfill its contractual insurance obligations by merely *trying* to comply with the insurance requirements set forth in the Purchase Order. PCS does not dispute that Mr. Gaffin *intended* to obtain the proper insurance coverage. PCS also agrees with Gaffin that the insurance policies should cover PCS as an additional insured, and should cover Gaffin's indemnity obligation.[3] But, those coverage issues are contested by Gaffin's Insurers. Good intentions are not enough. Gaffin can only fulfill its contractual obligations by obtaining insurance that actually covers PCS. If this Court finds that Gaffin's insurance policies do not cover PCS as an additional insured, or do not cover Gaffin's indemnity obligations, then PCS is entitled to judgment against Gaffin on the breach of contract claim.

/s/ Leland H. Kynes
Alfred B. Adams III

---

[3] Gaffin's Response lays the foundation for the argument that Gaffin's Insurers are estopped from enforcing the insured contract exclusion in the policies because they did not deliver a copy of the policy or otherwise notify Gaffin of a significant exclusion that was not contained in Gaffin's previous insurance policy. *See Lloyd's Underwriters at London v. Keystone Equip. Fin.*, 25 So. 3d 89, 91-92 (Fla. 2009); *First Specialty Ins. Corp. v. 633 Partners, LTD.*, 300 Fed. App'x 777, 790 (11th Cir 2008). This issue will be more properly addressed in a motion for summary judgment on Gaffin's cross claim.

Georgia Bar No. 002300 (*admitted pro hac vice*)
al.adams@hklaw.com
Leland H. Kynes
Florida Bar No. 037120
leland.kynes@hklaw.com
HOLLAND & KNIGHT, LLP
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
(404) 817-8500
(404) 881-0470 (fax)

Timothy J. Conner
Florida Bar No. 767580
timothy.conner@hklaw.com
HOLLAND & KNIGHT, LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 (fax)

*Attorneys for White Springs*
*Agricultural Chemicals, Inc.*


**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Frank H. Cole, Jr., Esq., Fcole@ejlawjax.com

John R. Catizone, Esq., catizone@litchfieldcavo.com

Melanie B. Chapman, Esq., chapman@litchfieldcavo.com

/s/ Leland H. Kynes
Leland H. Kynes

#23761125_v2