IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| WHITE SPRINGS AGRICULTURAL CHEMICALS, INC. d/b/a PCS PHOSPHATE – WHITE SPRINGS, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:11-cv-00998-J-32JRK |
| v. | ) ) | |
| GAFFIN INDUSTRIAL SERVICES, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## WHITE SPRINGS AGRICULTURAL CHEMICALS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT AMERICAN SAFETY RISK RETENTION GROUP, INC. AND RESPONSE TO CROSS MOTION FOR SUMMARY JUDGMENT

ASRRG had a duty to defend PCS because the allegations of the Williams Suit potentially bring Ms. Williams' claims within the additional insured coverage of the CGL Policy.[1] Count II purported to state a claim for vicarious liability against PCS, for which PCS could have been held liable for Gaffin's sole negligence. Because ASRRG failed to defend PCS, PCS is entitled to recover its attorney's fees and costs from the Williams Suit.

**A.     ASRRG Mischaracterizes The Claims In The Williams Suit And The Policy's Definition Of "Additional Insured."**

PCS and ASRRG generally agree that the facts necessary for a determination of this matter are limited to the allegations of the Williams Suit and the terms of the CGL Policy. Those documents speak for themselves. ASRRG's Statement of Undisputed Facts describes

---

[1] This brief employs the defined terms from PCS's motion for summary judgment. (Doc. 52.)

Mr. Williams' accident as it was described in the complaints in the Williams Suit.[2] (Doc. 76, pp. 6-7, ¶¶ 1-6.) However, ASRRG mischaracterizes the claims made in the Williams Suit. (*Id.*, pp. 7-8, ¶¶ 8-10.) In each version of the complaint, in addition to a claim against PCS for direct negligence, Ms. Williams alleged that PCS owed Mr. Williams a non-delegable duty under the inherently dangerous activity doctrine, and was therefore liable for Gaffin's negligence. (*See* Doc. 53-28, p. 9; Doc. 53-27, p. 6; Doc. 76-3, p. 11.) The Amended Complaint and Second Amended Complaint in the Williams Suit did not name Gaffin as a defendant only because Ms. Williams' claims against Gaffin were still pending in state court. At the time of the second removal in the Williams Suit, the claims against Gaffin were on appeal in Florida's Second District Court of Appeal. Even though Gaffin was not named as a Defendant, Gaffin's negligence was a prominent feature of the Amended and Second Amended Complaint. The alleged cause of Mr. Williams' injuries was the shortening of the waterblasting gun by Gaffin. Count II of the Second Amended Complaint, under the ultrahazardous or inherently dangerous activity doctrine, sought to hold PCS liable for Gaffin's sole negligence. Count II was not a claim for PCS's direct negligence.

ASRRG's brief also asserts that PCS was not "named" in the CGL Policy. (*Id.*, p. 8, ¶ 12; *id.*, pp. 11-12.) However, the CGL Policy makes clear that an additional insured need not be named within the policy itself in order to be covered. Instead, if a "person is shown as an Additional Insured on a certificate of insurance issued by our authorized representative" then such person is entitled to coverage. (Doc. 76, p. 4.) The Certificate of Insurance plainly

---

[2] PCS disputes that the facts alleged in the complaints in the Williams Suit were the actual facts surrounding Mr. Williams Death. PCS's motion for summary judgment as to Gaffin Industrial Services, Inc. lays out the actual facts as they were developed in discovery in the Williams Suit. (*See* Doc. 51, pp. 6-11.)

2

states that PCS is an "Additional Insured with respects [sic] to General Liability." (Doc. 53-13.) And, Lassiter Ware was an agent or representative of ASRRG, as properly supported by the testimony of Kirk Bramlett. (Doc. 52, ¶ 8; Doc. 53-12.) ASRRG cannot refute this fact with a mere denial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

**B.     ASRRG Had A Duty To Defend PCS As An Additional Insured.**

The parties agree on the basic standard to be applied in determining an insurer's duty to defend. ASRRG acknowledges that "the insurer must defend if there exists any possibility that the damages which have been alleged against the insured fall within the policy's coverage." (Doc. 76, p. 10 (citations omitted).) That is, if the operative complaint, fairly read, alleges facts which create *potential* coverage under the policy, the insurer must defend the lawsuit. *State Farm Fire & Cas. Co. v. Compupay, Inc.*, 654 So.2d 944, 945-46 (Fla. 3d DCA 1995); *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir.1995) (holding that the duty to defend arises when the relevant pleadings allege facts that "*fairly and potentially* bring the suit within policy coverage") (emphasis added). And, because the allegations of the complaint alone control, the duty to defend may be triggered even if the alleged facts are untrue or the legal theories unsound. *See Lawyers Title*, 52 F.3d at 1580. Moreover, doubts concerning the duty to defend must be resolved in favor of coverage. "If an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." *Id*. at 1580–81

As ASRRG notes, the wording of a pleading alone does not create a duty to defend, regardless of its artfulness. (Doc. 76, p. 10 citing *State Farm v. Tippet*, 864 So. 2d 31 (Fla. 4th DCA 2003).) A duty to defend arises where "[t]he allegations within the complaint ...

state a cause of action that seeks recovery for the type of damages covered by the insurance policy in question." *Tippett*, 864 So. 2d at 35-36.

Although inartfully pled, Count II of the Second Amended Complaint *fairly and potentially* brings the Williams Suit within the coverage of the ASRRG policy's additional insured provisions. ASRRG acknowledges that coverage for an additional insured includes the additional insured's vicarious liability for the acts of the named insured. (Doc. 76, p. 13.) Count II is not a claim for direct negligence against PCS – that is the claim in Count I. Rather, Count II seeks to hold PCS vicariously liable for Gaffin's negligence. Under a fair reading of the allegations of Count II, if taken as true, PCS could potentially have been held liable for Gaffin's sole negligence, even if PCS had not committed any negligence.

A claim against a property owner under the inherently dangerous activity doctrine is a claim for vicarious liability. Under Florida law, a property owner is not liable for injury caused by an independent contractor's negligence, unless the owner's own active negligence caused or contributed to the injury. *Baxley v. Dixie Land & Timber Co.*, 521 So.2d 170, 172 (Fla. 1st DCA 1988). An exception to this rule is the inherently dangerous activity doctrine, which applies when the work to be performed by the independent contractor "is inherently or intrinsically dangerous." *Florida Power & Light Co. v. Price*, 170 So.2d 293, 295 (Fla. 1964) (per curiam). If the activity is found to be inherently dangerous, then the "one engaged in or responsible for the performance of [the] work ... is said to be under a nondelegable duty to perform, or have others perform, the work in a reasonably safe and careful manner." *Baxley*, 521 So.2d at 172. Under this doctrine, the property owner can be held liable for an injury that has been caused "solely through the fault" of a contractor. *Alt. Coast Dev. Corp. v.*

*Napoean Steel Contractors*, 385 So. 2d 676, 679-80 (Fla. 3d DCA 1980). Count II sought to impose liability on PCS under this doctrine – a cause of action that seeks recovery for the type of damages covered by the CGL Policy.

Thus, because Count II is a claim under which PCS could potentially have been held liable for Gaffin's sole negligence, ASRRG had a duty to defend PCS as an additional insured, even if the Complaint elsewhere alleged PCS's direct negligence. *C. A. Fielland, Inc. v. Fid. & Cas. Co. of N.Y.*, 297 So. 2d 122, 127 (Fla. 2d DCA 1974) ("Even though only a portion of a claim made against an insured is within the liability coverage, the insurance carrier has the duty to defend the entire action ... .").

**C.     The CGL Policy Contains An Ambiguity That Must Be Construed In Favor Of Coverage.**

ASRRG's brief broadly argues that the additional insured provisions in the CGL Policy are unambiguous, but it ignores PCS's argument about the ambiguity in subparagraph f. of the additional insured provision. (*See* Doc. 52, pp. 12-13.) The third sentence of subparagraph f. states that ASSRG has no duty to defend an additional insured for "vicarious, derivative, or strict liability of ... its ... contractors or subcontractors (other than [Gaffin]), *except for the actions or inactions* of [Gaffin]." (*See* Doc. 74, p. 13.) This sentence does not limit additional insured coverage to claims of Gaffin's sole negligence. Rather, it provides that PCS is entitled to coverage as an additional insured for claims arising from "the actions or inactions" of Gaffin, even if the Williams Suit alleged that PCS was jointly negligent. To the extent this contradicts other provisions in the CGL Policy, there is an ambiguity that must be construed in favor of PCS. Thus, PCS is entitled to judgment against ASRRG.

/s/ Leland H. Kynes

5

Alfred B. Adams III
Georgia Bar No. 002300 (*admitted pro hac vice*)
al.adams@hklaw.com
Leland H. Kynes
Florida Bar No. 037120
leland.kynes@hklaw.com
HOLLAND & KNIGHT, LLP
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
(404) 817-8500
(404) 881-0470 (fax)

Timothy J. Conner
Florida Bar No. 767580
timothy.conner@hklaw.com
HOLLAND & KNIGHT, LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 (fax)

*Attorneys for White Springs Agricultural Chemicals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Frank H. Cole, Jr., Esq., Fcole@ejlawjax.com

John R. Catizone, Esq., catizone@litchfieldcavo.com

Melanie B. Chapman, Esq., chapman@litchfieldcavo.com

/s/ Leland H. Kynes
Leland H. Kynes

#23756788_v2

6